

Leonard W Aragon
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 WEST JEFFERSON STREET, SUITE 1000
PHOENIX, AZ  85003
www.hbsslaw.com
**Direct 602-224-2629**
leonard@hbsslaw.com

March 15, 2017

**By ECF & Email:** sullivannysdchambers@nysd.uscourts.gov

The Honorable Richard J. Sullivan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    ***Re: In re Welspun Litigation*, Case No. 1:16-cv-06792-RJS-DCF**
    [Rel. Case No. 16-cv-08662-RJS-DCF]

Dear Judge Sullivan:

    Plaintiff Dorothy Monahan, *Monahan v. Wal-Mart Stores Inc*. (1:16-CV-08662-RJS-DCF), files the following response in support of consolidation under Rule 2.A of your Honor's Individual Rules and Practices.

    Plaintiff Monahan also respectfully requests the court set a deadline and briefing schedule for plaintiffs' counsel to seek appointment of lead plaintiffs and counsel under 23(g) of the Federal Rules of Civil Procedure for claims against retailers. Adding retailers as defendants to the Consolidated Amended Complaint requires the appointment of separate class representatives and counsel to protect putative class members' claims against the retailer defendants.

    **1.  Consolidation is appropriate.**

    Plaintiff Monahan was never given a chance to consider consolidation. Counsel for Monahan received a call from Lead Counsel in *In re Welspun Litigation* on Friday afternoon (March 10, 2017), asking for Plaintiff Monahan's position on consolidation. Monahan's counsel returned the call shortly after receiving it, and informed Lead Counsel they needed to discuss the issue internally.  Later that day, after discussing the issue internally, counsel called Lead Counsel to discuss the issue but could not reach Lead Counsel. Monahan's counsel left a message informing Lead Counsel that Monahan could not consent to consolidation until it had an opportunity to discuss the issue with

March 15, 2017
Page 2

Lead Counsel. Without responding, Lead Counsel filed its request for a pre-filing hearing hours later.

After considering the issue, Plaintiff Monahan does not oppose consolidation.

**2.  Lead Counsel for claims against the Retailer Defendants.**

Lead Counsel, Bursor and Fisher, was appointed to represent the putative class against Welspun, the manufacturer of the merchandise at issue.  Because it had not pursued claims against retailers, Lead Counsel never sought appointment to lead the claims against retailers. Lead Counsel in *In re Welspun Litigation* later filed an amended consolidated complaint adding Walmart, Target and Bed Bath & Beyond (the "Retailer Defendants") as defendants. *See* Dkt. No. 60. The new complaint alleges common law claims for Breach of Express and Implied Warranties, Unjust Enrichment, Negligent Misrepresentation, Fraud, and violations of the Magnuson-Moss Warranty Act on behalf of a nationwide class. The complaint also alleges California and New York statutory claims on behalf of New York and California subclasses.

Other than Lead Counsel having clients in New York and California, there appears to be no logic to creating subclasses in those two states but no others. *Cf. In re General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF) (S.D.N.Y.), Dkt. No. 3356 (alleging multi-state claims and state law claims for all 50 states under the common law and state consumer protection statutes.).

By seeking to only allege state statutory claims for a subclass of California and New York residents, Lead Counsel is ignoring the statutory claims of 48 other states. Similarly, each Retailer Defendant is based in a state other than New York or California, yet the class representatives in *In re Welspun Litigation*, did not assert claims arising out of the home-state of each Retailer Defendant, even though this is standard practice in multistate, multi-defendant class actions absent a compelling strategic reason not to invoke a defendant's own state's law. Nor did Lead Counsel distinguish between retailers like Target, who investigated Welspun at their own initiative, terminated the relationship with Welspun and offered refunds to class members, and retailers like Walmart, who knew for years that Welspun was peddling fraudulent wares but did nothing.

The claims are sufficiently similar to allow for consolidation, but given the claims asserted by current putative class representatives against Defendant Welspun, separate class counsel and class representatives should be appointed to assert claims against the Retailer Defendants. *See* MANUAL FOR COMPLEX LITIG. (Fourth) § 21.11 (2004) (designating interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.); *In re Air Cargo Shipping Services Antitrust*

March 15, 2017
Page 3

*Litig.*, 240 F.R.D. 56, 58-59 (appointing multiple lead counsel based on the divergent interests of the "major constituencies" in the case.).

Class representatives from New York and California cannot represent the interests of the 48 other states. Even if Lead Counsel could allege the common laws of California or New York are sufficiently similar to the laws of 48 other states that pleading separate claims is unnecessary, it has not attempted to do so.[1] And even if it had, there is no basis to exclude state-based statutory claims, especially those with enhanced damages. *See, e.g.*, Utah Code Ann. § 13-11-1 (providing for actual damages or $2,000, whichever is greater for violations of the statute).

Hagens Berman filed the first case against Walmart and Bed Bath & Beyond, and is in the best position to lead the case against the retailers. Plaintiff Monahan respectfully request the court set deadlines for plaintiffs' counsel to submit simultaneous motions for lead counsel and lead plaintiffs for claims against retailers. If appointed, Hagens Berman anticipates amending the consolidated amended complaint to file a multi-state class action against retailers with appropriate class representatives. As structured, if the Court declines to certify a nationwide class, Lead Counsel has no alternative pleading or fall-back plan to achieve effective multistate subclasses. Adding Hagens Berman as lead counsel for claims against retailers will retain an efficient lead counsel structure while benefitting the class by adding a firm with unparalleled experience litigating multistate multi-defendant class actions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Leonard W Aragon

LWA:am

cc:     All counsel of record via ECF

---

[1] Grouping state claims based on materially similar state laws is a best practice that Lead Counsel has failed to follow.